(159 App. Div. 573.)

## SCAGLIONE v BROOKS.

(Supreme Court, Appellate Division, Second Department.   December 5, 1913.)

PLEADING (§ 377*)—ISSUES AND PROOF—ADMISSIONS.

> In an action to recover an automobile rented to defendant on default in payment of rent, evidence of a demand for the return of the automobile before bringing the action was not necessary, where a demand was alleged in the complaint and not denied in the answer.
>
> [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1228–1231; Dec. Dig. § 377.*]

Appeal from Kings County Court.

Action by Giovanni Scaglione against Louis Brooks.   From a judgment dismissing the complaint and an order denying a motion for a new trial, plaintiff appeals.   Reversed, and new trial ordered.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Edward J. Reilly, of Brooklyn, for appellant.

Ben W. Slote, of Brooklyn, for respondent.

STAPLETON, J.   This is an action to recover a chattel—an automobile of the value of $800—which the plaintiff owned and which he rented to the defendant at a weekly rental of $10; the rental agreement containing the provision that in case of default in the payment of any weekly installment the plaintiff might resume possession.   The defendant was in default of payment.   After frequent demands for payment on the part of the plaintiff, he gave the plaintiff, who was old, unfamiliar with the English language, and of defective sight, two checks aggregating $500.   The plaintiff, on discovering with the aid of another person the purport of the checks, immediately returned to the defendant's office.   He endeavored upon the trial to tell what then took place, but was prevented by the objection of the defendant's counsel and the ruling of the trial court.   The complaint was dismissed at the close of the plaintiff's case.

The recitation of the evidence is meager because the evidence itself is such.   It was sufficient, however, to have authorized the jury to find that the plaintiff owned the automobile and was entitled to its possession under the terms of the agreement of rental, and that upon demanding past-due rental he received postdated checks for a sum greatly in excess of the amount due for rental.   It is clear that he made an effort to show that the defendant tricked him by handing him checks and claiming they were payments upon a sale.

The defendant attempts to sustain the dismissal upon the ground that there was no proof of a demand for the return of the chattel, which was lawfully in the possession of the defendant under the agreement of rental.   Evidence of a demand was unnecessary, as a demand was alleged in paragraph 6 of the complaint and not denied in the answer.   The judgment should be reversed.

Judgment and order of the County Court of Kings county reversed, and a new trial ordered; costs to abide the event.   All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes